(No. 4185-

EDITH F. GARRETT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1952.*

ROY R. HELM, Attorney for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Delaney, J.

Edith F. Garrett, claimant, filed her claim herein on April 13, 1949, alleging that on June 11, 1948 she was employed by the Department of Public Welfare at the Anna State Hospital, Anna, Illinois, as a nurse. Claimant had been on leave for two days, and returned to the Hospital about 6:30 P.M., and went directly to bed. She slept until 9:00 P.M., went to supper at 9:30 P.M., clocked in for work at 10:40 P.M., talked to the Supervisor a few minutes, and then started to walk on the usual accustomed route from the main building to the Women's Cottage, where she was scheduled to work. During her absence the preceding days, an excavation had been made across the sidewalk between the main building and the Women's Cottage at a point where the sidewalk leads from the front sidewalk to the Women's Cottage. It was dark, and there were no lights, warnings, signs, or barricades of any kind to warn her of the excavation, which was $4\frac{1}{2}$ to 5 feet deep. Claimant fell into the ditch; and, as a result of this fall, she broke the top of the femur that goes into the pelvis of the right leg.

The claimant was on June 17, 1948 taken to St. John's Hospital, St. Louis, Missouri, where on July 22, 1948 Dr. Patrick Murphy repaired the break by placing a Smith-Peterson pin in the bone. The claimant was returned to her home in Brookport, Illinois on October 21, 1948. In July of 1949, an X-Ray, made under the direction of Dr. Warner A. Gray, showed that the

Smith-Peterson pin was protruding past the head of the femur, about 1/8th of an inch into what is called the acetabulum. The claimant returned to St. John's Hospital, where Dr. Patrick Murphy found that the bone had grown to the pin. He removed the pin from claimant's hip.

At the hearing of this cause, Dr. Warner A. Gray testified that claimant was unable to do any type, kind or character of work. Dr. Harry Wright also testified that claimant was unable to do any work requiring physical exertion. Commissioner Frank M. Summers of this Court observed the claimant, and feels that she is totally disabled, and that she will remain totally disabled. She is able to move only with the aid of crutches.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment. The only question is the extent of permanent disability suffered by claimant.

The record consists of the complaint, Departmental Report, transcript of evidence, abstract of evidence, statement, brief and argument of claimant, claimant's X-Ray exhibits Nos. C-1, C-2 and C-3.

The claimant's earnings for the year preceding the accident were $2,040.00. She had no children under 16 years of age dependent upon her for support.

From the undisputed medical testimony, and other testimony in the record, it is shown that the claimant is permanently disabled, and has not been able, and is not able to do work of any kind.

We conclude, therefore, after a consideration of the record, that the claimant is entitled to an award for permanent total disability.

The compensation rate is the maximum of $15.00 per week, increased 30%, or $19.50. Claimant is also entitled to be reimbursed on account of medical and hospital expenditures made by her as follows: Hospital in 1948, $395.10; ambulance in 1948 to and from St. Louis, Missouri, $70.00; hospital in 1948, $121.00; and an ambulance charge in 1948 of $10.00, or a total of $596.10. Dr. John Murphy has submitted a statement for $300.00 in 1948, and $100.00 in 1949, or a total of $400.00, which should be paid.

The claimant is, therefore, entitled to an award of $5,200.00, plus $596.10 reimbursement of medical and hospital expenses, plus the sum of $400.00 for the use of Dr. John Murphy, or the sum of $6,196.10. From this amount shall be deducted the sum of $889.86, which claimant received for non-productive time. There should also be a further deduction of $3,125.00, which was received by the claimant from the Kuhne Simmons Construction Company through the Liberty Mutual Insurance Company. The total award granted claimant is, therefore, $2,181.24.

The settlement received from the Insurance Company, and payment made by the respondent for non-productive time equal approximately 206 weeks. From the day after her injury in 1948, 206 weeks is May 23, 1952. Considering Leap Year, no further compensation payments can be made claimant until May 24, 1952.

An award is, therefore, entered in favor of claimant, Edith F. Garrett, payable as follows:

$ 400.00, payable to claimant forthwith for the use of Dr. John Murphy;

$1,781.24, payable in weekly installments of $19.50 per week for 91 weeks, commencing May 24, 1952, with one final payment of $6.74; thereafter a pension for life in the sum of $416.00 annually, payable in monthly installments of $34.66.

The testimony had at the hearing was taken and transcribed by Ettamarie Holland, who made charges therefor in the amount of $36.30. These charges appear reasonable and proper.

An award is, therefore, entered in favor of Ettamarie Holland in the amount of $36.30, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".